# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### In Admiralty
### Civil Action No.: 7:22-cv-47

| | | |
|---|---|---|
| JAN BRITT LYNN, Administratrix of the ) | | |
| Estate of MEGAN ALLISON LYNN, ) | | |
| Plaintiff ) | | |
| ) | **COMPLAINT** | |
| vs. ) | | |
| ) | | |
| FERSTER ELECTRIC, LLC, ) | | |
| Defendant. ) | | |

Plaintiff, complaining of the Defendant, alleges and says:

SUBJECT MATTER JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction under Rule 9(h), Rule 38(e) and Rule 82 of the Federal Rules of Civil Procedure.

2.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1333(1). The Court also has jurisdiction over the subject matter pursuant to the General Maritime Law of the United States.

VENUE

3.      Venue is proper in this Court as the events giving rise to the claim occurred in this judicial district. 28 U.S.C. §1391(b)(2).

PARTIES

4.      Plaintiff's Intestate, Megan Allison Lynn, died on the 29th day of March, 2020 on the navigable waters of the Waccamaw River in Brunswick County, North Carolina. Plaintiff, Jan Britt Lynn, has been appointed Administratrix of the Estate of Megan Allison Lynn by the Clerk of Superior Court of Columbus County and is acting as such in the institution of this action, which

is brought within two years of the date of death of Plaintiff's Intestate. Plaintiff resides and is domiciled in Whiteville, Columbus County, North Carolina, within the jurisdiction of this Court.

5.      Defendant, Ferster Electric, LLC, is a Limited Liability Company organized and existing under the laws of the State of North Carolina and transacts business in the state of North Carolina with its main office and principal place of business being at 4929 Bridgers Road, Shallotte, North Carolina 28470. Its managing member and registered agent is Matthew E. Ferster, P.O. Box 7413, Ocean Isle Beach, North Carolina 28469.

<u>GENERAL ALLEGATIONS</u>

6.      At all times material herein, the Defendant's managing member and registered agent, Matthew Ferster was the owner and operator of a 2014 model Skeeter Performance fishing boat, 18 feet in length and powered by a 175-horsepower outboard motor.

7.      Upon information and belief, Defendant Ferster Electric, LLC provided funds and monetary support for the upkeep, maintenance and use of the Skeeter Performance fishing boat.

8.      Upon information and belief, at all times relevant hereto, Matthew Ferster was a managing member of Defendant Ferster Electric, LLC.

9.      Upon information and belief, the Skeeter Performance fishing boat was utilized in the furtherance of Defendant, Ferster Electric, LLC's business and was utilized to entertain and foster better relationships between employees of Defendant, Ferster Electric, LLC.

10.      Upon information and belief, at all times relevant hereto, the Skeeter Performance fishing boat was being operated in the furtherance of Defendant, Ferster Electric, LLC's business and for the benefit of Defendant, Ferster Electric, LLC.

2

11.     Upon information and belief, Matthew Ferster was accompanied by another employee of Defendant Ferster Electric, LLC when the Skeeter Performance fishing boat was placed on the Waccamaw River.

12.     In southeastern North Carolina, the Waccamaw River is the dividing line between Columbus and Brunswick Counties. In this area the Waccamaw River is a narrow, meandering river that is deep in many areas and is frequently used by area boaters. Near the Town of Pireway the North Carolina Wildlife Resources Commission maintains a boating access area known as the Pireway access area.

13.     On March 29, 2020 the Plaintiff's intestate, Megan Allison Lynn, went boating on the Waccamaw River on a motor boat operated by Travis Reed Suggs and owned by Pamela Fowler Suggs. Accompanying them were Jennifer Hayes, Garrett Smith and Anna Suggs.

14.     On Sunday, March 29, 2020 at approximately 5:30 p.m. the vessel operated by Travis Reed Suggs and occupied by Plaintiff's intestate and others was approximately two-thirds of a mile south of the Pireway access area and was traveling in a northwardly direction toward the access area on the eastern side of the Waccamaw River and was on the south side of a bend in the river.

15.     On Sunday, March 29, 202 at approximately 5:30 p.m. the Defendant, Matthew Ferster, was operating his 17' Skeeter Performance fishing boat in the vicinity of the Pireway access area and traveling in a southwardly direction toward the bend in the river.

16.     At the same time Justin Spivey had departed the Pireway access area in his vessel and upon information and belief, he and Defendant Ferster spontaneously engaged into a speed competition. The Ferster vessel and the Spivey vessel were heading south with the Ferster vessel traveling on the east side of the river and the Spivey vessel on the west side of the river. Both

vessels were running side by side and eventually the Ferster vessel pulled ahead of the Spivey vessel and entered the bend in the river.

17.     As the Ferster vessel entered the bend in the river it was traveling on the east side of the river at a speed in excess of 40 miles per hour and was rapidly approaching the Suggs vessel which was traveling on the east in the opposite direction.

18.     Upon information and belief, the operator of the Suggs vessel, Travis Reed Suggs, saw the Ferster vessel approaching and began waving to draw attention to his vessel. The Ferster vessel failed to change course or reduce speed and struck the port bow of the Suggs vessel and traveled over the Suggs vessel, killing Megan Allison Lynn, Jennifer Hayes and Garrett Smith.

19.     Upon information and belief, funds from Defendant Ferster Electric, LLC were utilized to pay for supplies and materials related to the use of the Skeeter Performance fishing boat on the date and at the time of the aforesaid vessel collision resulting in the death of Megan Allison Lynn.

20.     Upon information and belief, at all times relevant hereto, Matthew Ferster was operating the Skeeter Performance fishing boat as an agent, employee or servant of Defendant, Ferster Electric, LLC and on the business of Defendant at the time of the aforesaid vessel collision resulting in the death of Megan Allison Lynn.

21.     Upon information and belief, Defendant, Ferster Electric, LLC utilized the Skeeter Performance fishing boat for business purposes on the date and at the time of the aforesaid vessel collision resulting in the death of Megan Allison Lynn.

22.     Upon information and belief, the vehicle utilized to transport the Skeeter Performance fishing boat to the Waccamaw River on the date of the aforesaid vessel collision

4

resulting in the death of Megan Allison Lynn contained advertising signage on the front of the vehicle in furtherance of Defendant, Ferster Electric, LLC's business.

23.     At all times material to this action, Defendant acted as the *pro hac vice* charterer of the Skeeter Performance fishing boat and Defendant used the Skeeter Performance fishing boat for the purposes of its business.

24.     Matthew Ferster was well known to Defendant, Ferster Electric, LLC, as the primary operator of the Skeeter Performance fishing boat and particularly, Defendant, Ferster Electric, LLC, knew that Matthew Ferster had consumed alcoholic beverages on the date of, and prior to, the aforesaid vessel collision resulting in the death of Megan Allison Lynn.

25.     Defendant, Ferster Electric, LLC, knew, or should have known, that Matthew Ferster was likely to operate the Skeeter Performance fishing boat under the influence of alcohol and otherwise in violation of the Inland Rules of Navigation at the time and place of the aforesaid vessel collision resulting in the death of Megan Allison Lynn.

26.     Defendant, Ferster Electric, LLC, had the duty under all the circumstances to prevent Matthew Ferster from operating the Skeeter Performance fishing boat while under the influence of alcohol and otherwise in violation of the Inland Rules of Navigation.

27.     Defendant, Ferster Electric, LLC, breached the aforesaid duties.

28.     The negligence of Defendant, Ferster Electric, LLC, and its managing member, Matthew Ferster, was a proximate cause of the death of Plaintiff's intestate, Megan Allison Lynn.

## DAMAGES

29.     This action is filed pursuant to the General Maritime Law of the United States and pursuant to the Wrongful Death Statutes of North Carolina, N.C. Gen. Stat. §28A-18-2 for damages arising due to the wrongful death of Plaintiff's intestate, Megan Allison Lynn.

30.     Megan Allison Lynn, Plaintiff's intestate, at the time of her death on March 29, 2020, was 21 years of age having been born in 1998, and she was a person in excellent health with a normal life expectancy of at least 56 years.

31.     At the time of her death, Megan Allison Lynn, was gainfully employed.

32.     The Plaintiff's intestate, Megan Allison Lynn, was the natural mother and single parent of twin infant males, JCL and JAL who were 2 years of age at the time of their mother's death. Said children are in excellent health and have a normal life expectancy of more than 74 years.

33.     Because of her excellent health, life expectancy and work habits, Plaintiff's intestate could have expected to live a full, fruitful and meaningful life, and could have fully expected to earn a substantial income for the remainder of her life, and would have provided substantial service, protection, care and assistance to her infant children, JCL and JAL, as well as security, companionship, guidance, kindly offices and advice, and income and support.

34.     As a result of the death of Megan Allison Lynn, her children, JCL and JAL have been deprived of her net income, and have been deprived of her services, protection, care and assistance, together with her society, companionship, comfort, guidance, kindly offices and advice.

35.     The Plaintiff is entitled to recover the reasonable funeral expenses of Megan Allison Lynn in the amount of $13,390.54 and the present monetary value of the decedent to her twin male infant children for the loss of the reasonably expected:

          a.     Net income of the deceased;

          b.     Services, protection, care and assistance of the deceased; whether voluntary or obligatory; society, companionship, comfort, guidance, kindly offices, and advice of the decedent to the persons entitled to the damages recovered.

36. As a result of which, Plaintiff is entitled to recover on behalf of her intestate's minor children damages in the amount of two million ($2,000,000.00) dollars.

WHEREFORE, the Plaintiff prays:

That she have and recover, pursuant to the General Maritime Law and the North Carolina Wrongful Death Statutes, the sum of two million ($2,000,000.00) dollars for the persons entitled to recover, the infant children of the decedent, JCL and JAL, and that the cost of this action including pre-judgment interest be taxed against the Defendants.

This the 21st day of March, 2022.

WHEATLY LAW GROUP, P.A.

BY:   <u>/s/ Stevenson L. Weeks</u>
STEVENSON L. WEEKS
N.C. State Bar Number 9515
710 Cedar Street
Beaufort, North Carolina 28516
PH: 252-728-3158
FAX: 252-728-5282
Attorney for Plaintiff

7